Breitel, J. (dissenting in part).
I disagree with so much of the opinion for the majority as suggests that defendant is entitled only to limited rights of counsel during a pretrial mental examination, and agree on that issue with Chief Judge Ftjld. I would, therefore, modify the order of the Appellate Division in that respect. I also disagree with some of the procedures suggested by the majority to be followed upon a trial when the issue of insanity is raised and the defendant *448 has or is believed to have failed to co-operate in a court-directed mental examination.
It is true that defendant by his plea of insanity has waived so much of his privilege against self incrimination as is necessary to inquire into his mental state. But, as the majority seems to suggest, the line between an inquiry limited to his mental condition and one extended to the merits of the charge against the defendant cannot be drawn. Several consequences follow from this. In the first place, it marks as especially critical to defendant his exposure to oral interrogatory examination, and, therefore, emphasizes the critical need for him to be represented by counsel even during a mental examination, clumsy and awkward although that might be. In the second place, while defendant has waived his privilege against self incrimination pro tanto, he has not waived his right to counsel, an equally high constitutional right (People v. Donovan, 13 N Y 2d 148, 151).
Having concluded that a defendant who pleads insanity has waived his privilege against self incrimination pro tanto, I would permit the prosecutor to comment and the court to instruct the jury on what defendant did or what he did not do in the course of the mental examination (cf. Williams v. Florida, 399 U. S. 78, 81-84; but see State v. Olson, 274 Minn. 225, 232). Thus, I would permit comment, and appropriate instructions on possible alternative evaluations by the court, on the failure to co-operate to be weighed by the jury as a factor in determining whether the issue of insanity was feigned or genuine. I would go no further in providing a voir dire procedure, of which there are now too many, and especially not to evaluate whether defendant has or has not co-operated. Nor would I under any circumstances exclude any competent evidence bearing on the issue and, therefore, on defendant’s criminal responsibility (cf. French v. District Ct., 153 Col. 10, 13-14).
The fact, amply demonstrated over the years, is that a failure of a defendant who pleads insanity to refuse to co-operate most often reflects an even greater degree of insanity rather than less. He is not always controllable by his lawyer, and many a psychotic defendant, who may or may not be legally insane, refuses to be represented by a lawyer. In short, non-co-operation may be evidence of insanity just as much as it may *449 be evidence of a feigned issue of insanity. The problem like so many others is just another difficult issue of fact to resolve. But that is the jury’s province. For that very reason the jury should have all the relevant information, the evidence proffered by defendant, and the facts which might militate against the weight or reliability of that evidence.
Indeed, I find the allowing, in some circumstances, of defendant’s nonmedical evidence on insanity and preclusion of his medical (expert) testimony a paradox that would make the legal process quite irrational. That a possibly insane defendant has triggered this consequence is immaterial. And the defendant is possibly insane, or no part of the issue would be before the trial court.
Because it should be obvious that in some few cases even the most subtle handling would create an impossible task for Trial Judge and jury, a bifurcated trial on the separate issues of legal insanity and the merits should be considered. This has been done in some States by statute or by reason of the inherent control over the trial of issues by courts, even as in civil cases (see, e.g., California Penal Code, § 1026; People v. Daugherty, 40 Cal. 2d 876, 893, cert. den. 346 U. S. 827; State ex rel. La Follette v. Raskin, 34 Wis. 2d 607, 624-627).
For these reasons, I dissent in part and would modify the order of the Appellate Division to allow counsel to be present with power to object and advise at a new mental examination.
Judges Bergan, Jasen and Gibson concur with Judge Scileppi ; Chief Judge Fuld dissents in part and votes to modify as stated in an opinion in which Judge Burke concurs; Judge Breitel dissents in part and votes to modify as stated in a separate opinion.
Ordered accordingly.